SEP 1 7 2025

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:25-cr- 3:25cr 141 |
| v. | 18 U.S.C. § 1343 Wire Fraud |
| LINDA NATELLE BROWN, | (Count One) |
| *Defendant*. | Forfeiture Allegation |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Information, unless stated otherwise:

1.      Since 1997, the Commonwealth of Virginia Campaign ("CVC") has been the officially sanctioned non-profit fundraising program for the Commonwealth of Virginia's more than 120,000 employees. The CVC allows Commonwealth of Virginia employees to "safely and easily donate to their favorite causes throughout the year." The CVC is administered through the Virginia Department of Human Resource Management ("DHRM"), which is based in Richmond, Virginia, within the Eastern District of Virginia.

2.      Commonwealth of Virginia employees could donate to charities through the CVC in three primary ways: (1) through credit card payments; (2) by checks or money orders mailed to the CVC; and (3) by payroll remittances deducted directly from employee paychecks.

3.      Defendant LINDA NATELLE BROWN was a resident of Portsmouth, Virginia, within the Eastern District of Virginia. BROWN was the Chief Executive Officer, the registered agent, and the sole owner of LNB Solutions Inc., a stock corporation based out of Norfolk, Virginia.

1

4.    From on or about September 1, 2017, and continuing through at least on or about

August 31, 2023, DHRM contracted with BROWN (through BROWN's company, LNB

Solutions Inc.) to manage the technical and financial aspects of the CVC. Under the terms of

LNB Solutions Inc.'s contract with DHRM, which BROWN executed on LNB Solutions Inc.'s

behalf, LNB Solutions Inc. was responsible for: (1) setting up and managing both the CVC's

charity database and the donor database; (2) receiving, reconciling (with DHRM), and disbursing

Commonwealth of Virginia employee-donated funds to the employees' designated charities

according to a disbursing schedule; (3) providing monthly reporting to DHRM; and starting with

the 2020-2021 contract renewal, (4) withholding a 10% administrative fee from all donated

amounts prior to disbursing donations. Per the terms of BROWN's contract with DHRM, from

on or about January 1, 2019, and continuing through on or about August 31, 2023, LNB

Solutions Inc. was entitled to receive approximately $929,915 in total for services rendered in

administering the CVC, as well as approximately $296,176 for software charges associated with

administering the CVC, totaling approximately $1,226.090.

5.    BROWN opened an account at Truist Financial Corporation in the name of the

Commonwealth of Virginia Campaign with an account number ending in -8433 (hereafter "CVC

-8433 Account").    BROWN was the sole signatory on this account, as discussed with and

approved by DHRM.

6.    LNB Solutions Inc. also maintained separate bank accounts at Bank of America

Corporation: (1) account number ending in -9666 (hereafter "LNB -9666 Account"); (2) account

number ending in -2560 (hereafter "LNB -2560 Account"); and (3) account number ending in -

6347 (hereafter "LNB -6347 Account").

7.    BROWN maintained at least two personal bank accounts at Capital One Financial Corporation with account numbers ending in -7617 and -7569 (hereafter "BROWN -7617 Account" and "BROWN -7569 Account"). BROWN was the sole signatory on these accounts.

8.    Truist Financial Corporation ("Truist"), Bank of America Corporation ("BAC"), and Capital One Financial Corporation ("Capital One") were each a "financial institution" as the term is defined in Title 18, United States Code, Sections 20, 1344(2). Truist is the successor company to SunTrust Bank.

**COUNT ONE**
(Wire Fraud)

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

9.    The preceding paragraphs of this Criminal Information are incorporated by reference as though set forth in full here.

10.    From at least on or about January 3, 2019, and continuing through at least July 17, 2025, in the Eastern District of Virginia and elsewhere, the defendant, LINDA NATELLE BROWN, did devise and intend to devise a scheme and artifice to defraud the CVC, various charities, and Commonwealth of Virginia employees, and for obtaining money and property by means of materially false and fraudulent pretenses, promises, and representations, which scheme and artifice, and the execution thereof, operated in substance as follows.

**Object of the Scheme and Artifice to Defraud**

11.    It was the object of the said scheme and artifice to defraud for BROWN to: (1) fraudulently enrich herself and LNB Solutions Inc. by skimming money from the CVC funds entrusted to her care; and (2) conceal wrongdoing from law enforcement, victims, charities, and governmental officials.

3

**Ways, Manner, and Means of the Scheme and Artifice to Defraud**

A. *Brown embezzled funds from CVC.*

12.      Beginning as early as on or about September 28, 2020, and continuing through at least on or about April 3, 2024, BROWN misappropriated and skimmed funds from the CVC for BROWN's own benefit by initiating at least 62 separate transfers of funds directly from the CVC -8433 Account to the LNB -9666 Account. These transfers – totaling $2,729,257 – took place via wire payments, ACH payments, and written checks. These funds consisted of charitable dollars donated by Commonwealth of Virginia employees for various charitable causes. BROWN used some of these embezzled charitable funds for her own use, and some to pay for LNB Solutions Inc.'s business expenses for which BROWN was not entitled to reimbursement by the CVC.

13.      Certain CVC participants also remitted their charitable contributions as part of the CVC campaign directly to the LNB -9666 Account, rather than to the CVC -8433 Account. As an illustrative example, the University of Virginia and James Madison University (both public universities) remitted CVC payments on behalf of their employees directly to the LNB -9666 Account. In all, between on or about January 3, 2019, and continuing through on or about June 9, 2022, the University of Virginia (UVA) made at least 30 direct payments—each consisting of the charitable contributions of UVA employees—to the LNB -9666 Account, totaling at least $1,103,051. Between on or about December 17, 2021, and continuing through on or about July 5, 2022, James Madison University (JMU) made at least 14 direct payments—each consisting of the charitable contributions of JMU employees—to the LNB -9666 Account, totaling at least $8,411. These funds constituted amounts donated by those respective universities' employees for specific charitable causes designated by those employees. BROWN used some of these

4

embezzled funds for her own use, and some for LNB Solutions Inc. business expenses for which BROWN was not entitled to reimbursement by the CVC.

14.    When certain Commonwealth of Virginia employees sought to make charity donations via the CVC by way of payroll remittances deducted from their employee paychecks, the Virginia Department of Accounts was responsible for subtracting these payroll remittances from the employees' paychecks and tendering the funds to the CVC. The Virginia Department of Accounts remitted these CVC payments to the LNB -9666 Account and the CVC -8433 Account. From on or about January 16, 2019, and continuing through on or about October 7, 2021, the Virginia Department of Accounts made 35 separate payments to the LNB -9666 Account, totaling $1,438,885. These funds constituted amounts donated by Commonwealth of Virginia employees for charitable causes.    BROWN used some of these embezzled funds for her own use, and some for LNB Solutions Inc.'s business expenses for which BROWN was not entitled to reimbursement by the CVC.

15.    On or about February 13, 2023, BROWN notified DHRM that LNB Solutions Inc. was not planning to renew the current contract. On or about August 31, 2023, DHRM's contract with BROWN and LNB Solutions Inc. ended, and on or about September 1, 2023, DHRM assumed responsibility for managing all aspects of the CVC program.

16.    Yet, BROWN continued to misappropriate money from the CVC -8433 Account to the LNB -9666 Account even after September 1, 2023, including: (1) a $49,000 electronic funds transfer on or about September 27, 2023; (2) a $10,200 electronic funds transfer on or about December 6, 2023; and (3) a $1,900 wire transfer on or about April 3, 2024. Brown never transferred these charitable funds to the Commonwealth for routing to the appropriate charities.

5

17.    Old Dominion University ("ODU") mistakenly continued to direct their CVC payments to the CVC -8433 Account from March 15, 2024 through December 31, 2024. BROWN knew and understood that these payments constituted (intended) charitable contributions, and that ODU's transfer of these funds to the CVC -8433 account was an error. Upon receiving such payments, however, BROWN did not notify ODU that BROWN no longer had a role with the CVC.    BROWN did not notify DHRM that payments were mistakenly being sent to BROWN.    Rather, BROWN repeatedly embezzled these funds, constituting at least $17,764 in charity donations by ODU staff members, to BROWN's own personal and LNB business bank accounts.

18.    BROWN on numerous occasions transferred embezzled funds to her personal bank account. As a few illustrative examples, on the following dates, BROWN transferred embezzled CVC funds from the LNB –9666 Account to BROWN's personal accounts.

| On or About Date | Amount | Accounts to Which Funds Transferred |
|---|---|---|
| April 2, 2021 | $2,400 | BROWN -7569 Account |
| April 16, 2021 | $2,400 | BROWN -7569 Account |
| April 23, 2021 | $2,400 | BROWN -7569 Account |
| April 29, 2021 | $2,400 | BROWN -7569 Account |
| May 23, 2023 | $35,000 | BROWN -7617 Account |

B. *When confronted with wrongdoing, BROWN made partial payments back to DHRM to forestall further DHRM action.*

19.     On or about July 1, 2024, DHRM notified BROWN that it had discovered $639,378.31 in CVC funds had been collected by LNB Solutions Inc. for the 2022 CVC year which had not been properly returned to DHRM or distributed to charities. DHRM requested that BROWN provide these funds by July 15, 2024. DHRM further requested BROWN provide information to help DHRM determine the designated apportionment of those funds to the employees' selected charities – information which BROWN was contractually obligated to retain for 5 years. CVC decommissioned the system that tracked pledges and payments after BROWN had relinquished access in 2023. On or about July 10, 2024, BROWN sent an email to DHRM stating: "Please allow us until July 31, 2024 to complete these wires. I aim to ensure all wires are processed by Tuesday July 23rd, but I want to set a guaranteed date in the event there is some banking issue or some other cause of delay that may be out of our control."

20.     On or about July 15, 2024, BROWN emailed DHRM to indicate that a wire transfer in the amount of $639,378 to DHRM was pending. DHRM again sent an email to BROWN on or about July 18, 2024 inquiring about the missing funds, to which BROWN replied: "I will be back in touch early next week with an update on the remittance reports and transfer."   BROWN never sent this lump sum payment to DHRM.

21.     Instead, BROWN thereafter initiated three separate payments to DHRM from the LNB -2560 Account: (1) a $39,378.31 payment on or about August 6, 2024; (2) a $200,000 payment on or about August 8, 2024; and (3) a $80,000 payment on or about August 9, 2024. After these payments back to DHRM, BROWN depleted her LNB 2560 Account down to a $1,165.54 account balance. BROWN ceased further communication with DHRM and never remitted the remaining $320,000 of CVC funds that DHRM had requested.

C. *BROWN spent embezzled funds on various personal expenses and expenses for LNB Solutions Inc.*

22.     With funds she embezzled from the CVC, BROWN paid for personal spending including: (1) multiple purchases of flight tickets to Houston, among other destinations; (2) purchases at the Virginia ABC store; (3) rent payments for BROWN's luxury apartment in Houston; (4) multiple payments for designer clothing and shoes; (5) food deliveries; (6) beauty and cosmetic products; and (7) luxury hotels.

23.     BROWN also paid $10,400 in fraud proceeds to a plastic surgeon in Virginia Beach.

24.     BROWN further used stolen charity funds to pay for a "fish pedicure" spa in Las Vegas, which allowed customers to soak their feet in tanks with certain fish that remove dead skin.

25.     BROWN further used stolen charity funds to pay various LNB Solutions Inc. expenses to which she was not entitled, including payroll.

* * *

26.     In total, from on or about January 1, 2019, and continuing through on or about August 31, 2023, BROWN took possession of $5,309,005.22 in CVC funds (constituting monies donated by Commonwealth of Virginia employees for the benefit of charities) – including by transfers from the CVC -8433 Account to the LNB -9666 Account, direct payments from certain Virginia state employers (*e.g.*, UVA and JMU) into the LNB -9666 Account, and by direct unauthorized spending from the CVC -8433 Account.   After subtracting $1,245,745.81 in compensation due and owing to BROWN within this time period, $913,469 in repayments from LNB Solutions, Inc. to DHRM, and $1,236,527.46 in return of funds from the LNB -9666

Account back to the CVC -8433 Account within this time period, BROWN embezzled more than

$1,500,000 and no more than $1,911,161 from the CVC.   DHRM detected only a portion of this

fraud loss.

### Execution of the Scheme and Artifice to Defraud & Wiring in Furtherance

27.     On or about the date shown below, in the Eastern District of Virginia and

elsewhere, the defendant, LINDA NATELLE BROWN, aided and abetted by others known and

unknown, knowingly, unlawfully, and with intent to defraud, executed and attempted to execute

a scheme and artifice to defraud and to obtain money and property by means of materially false

and fraudulent pretenses, representations, and promises, and for the purpose of executing this

scheme, and attempting to do so, caused to be transmitted by means of wire communication in

interstate commerce certain signals and sounds, as described below:

| Count | On or About Date | Description |
|-------|------------------|-------------|
| 1 | May 23, 2023 | BROWN initiated a $35,000 wire transfer from the LNB Solutions Inc. Bank of America bank account ending in -9666 to an account in BROWN's own name at Capital One Financial Corporation (account ending in -7617). BROWN stole these funds from the CVC. The transaction caused an interstate wiring between the Eastern District of Virginia and servers outside the Commonwealth of Virginia. |

(All in violation of Title 18, United States Code, Section 1343.)

### CRIMINAL FORFEITURE ALLEGATION

Pursuant to Rule 32.2(a) Fed. R. Crim. P., the defendant is notified that, if convicted of

the offense alleged in Count One of the Criminal Information, she shall forfeit to the United

States any property, real or personal, which constitutes or is derived from any proceeds traceable

to the offense. If property subject to forfeiture meets the requirements of 21 U.S.C. § 853(p), the

government will seek an order forfeiting substitute assets. Property subject to forfeiture includes,

but is not limited to:

9

A sum of money of at least $1,500,000, which represents the amount of proceeds
the defendant obtained from the offenses of conviction, which sum shall be
reduced to a money Judgment against the defendant in favor of the United States.

If the property subject to forfeiture cannot be located, the United States will seek an order

forfeiting substitute assets.

(In accordance with Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C), as
incorporated by Title 28, United States Code, Section 2461 and Title 21, United States Code,
Section 853(p).)

Respectfully submitted,

ERIK S. SIEBERT
United States Attorney

By:       /s/
Avi Panth
Virginia Bar No. 92450
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400
(804) 771-2316 (fax)
Avishek.Panth@usdoj.gov